FILED
2017 Aug-01 PM 05:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN UNITED STATES DISTRICT COURT
# FOR NORTHERN DISTRICT OF ALABAMA
### Southern Division

| | |
|---|---|
| **LAURA SNYDER, individually and on behalf of similarly situated employees.** )<br>)<br>**Plaintiff.** )<br>)<br>vs. )<br>)<br>**BLUE ROCK PARTNERS LLC and REUVEN ODED,** )<br>)<br>**Defendants.** ) | Case No. 17-cv-_____-_____ |

## COMPLAINT

### Jurisdiction and Venue

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1332, 1343(k), 29 USCA § 206, 207, 216, et seq., 29 U.S.C. § 1132 and/or by the provisions of 28 USCA § 1337, relating to any civil action or proceeding arising under any Act of Congress regulating commerce.

2. This is a suit authorized and instituted pursuant to §§ 201- 219, et seq., as amended (29 USCA §§ 201-219) of the Fair Labor Standards Act (hereinafter "the FLSA" to recover unpaid wages, liquidated damages, attorney fees, pre-judgment interest, costs, expenses and all other damages that the Plaintiff is entitled to under the FLSA.

3. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by the FLSA for injunctive and other compensatory relief.

4. The Defendant managed several properties in Jefferson County, Alabama. The Plaintiff worked at one of the properties located in Jefferson County, Alabama. Venue is proper in the United States District Court of Alabama, Southern Division.

### Parties

5. The Plaintiff, Laura Snyder, is an adult citizen of the United States and a resident of Jefferson County, Alabama. She brings this lawsuit on her individual behalf and on behalf of similarly situated employees.

6. The Defendant, Blue Rock Partners, LLC, (hereinafter "Blue Rock" or is a Florida Limited Liability Company.

7. Based upon information and belief, Reuven Oded (hereinafter "Oded") is the sole owner/member and/or manager of Blue Rock.

**Facts**

8. At all relevant times herein, the Plaintiff was an employee, as defined by the FLSA, for Blue Rock and Oded (hereinafter the "Defendants").

9. The Plaintiff worked as a leasing agent for Blue Rock's predecessor, Landmark, and was employed by the Defendant from May 28, 2015 through approximately November 20, 2015.

10. The Plaintiff's employment with the Defendants ceased, according to the owner of the property, when Blue Rock's contract was terminated by the owner due to mismanagement, fraud, employee theft, employee kickbacks and gross negligence.

11. The Plaintiff was classified as a "non-exempt" employee pursuant to the FLSA and was paid an hourly rate of $14 per hour.

12. The Defendants had a strict policy, which was implemented by local management, that leasing agents and other non-exempt employees that worked in the office were not to work overtime.

13. The employees were instructed, per Oden's direct communications with local management, that employees would be fired if they worked overtime.

14. The Plaintiff worked an average of 60 hours per week but, because she was told that she was not paid overtime, she would "clock out" and work "off the clock" after normal office hours, and/or not "clock in" during hours she came in early and/or when she worked on weekends.

15. The Defendants knew and/or should have known that the Plaintiff and other similarly situated employees were not able to complete their work in a "40 hour work week" and that the Plaintiff and other similarly situated employees were working early, late and/or on weekends.

16. The Defendant failed to pay Plaintiff for the hours she worked in excess of forty hours per week.

**Count I: Fair Labor Standards Act Violations**

17. The Plaintiff incorporates by reference the preceding allegations of this Complaint.

18. The Plaintiff worked in excess of forty hours per week and was not paid overtime pursuant to the FLSA.

19. The Defendant is liable under the FLSA to pay the Plaintiff $21 per hour for the hours she worked in excess of 40 hours per week.

20. Other similarly situated employees would also work "off the clock" because they were not able to complete their work in a forty hour work week

### Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests this Court to assume jurisdiction of this matter and award the Plaintiff the following damages and relief:

A. Grant Plaintiffs an order requiring Defendant to make Plaintiffs whole by granting any and all relief available under federal and state law, whether specifically pled or not, and including, but not limited to: appropriate declaratory relief, back pay, compensatory damages, liquidated damages, pre-judgment interest, damages, etc.

B. Grant the Plaintiff a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with Defendant from continuing to violate the FLSA;

C. Award the Plaintiff attorney's fees, costs and expenses.

D. Plaintiff prays for such other, further or different relief as justice may require and/or which she is entitled to under either federal and/or state laws, whether specifically pled or not.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

_____
Scott Harwell (HAR198)
Counsel for the Plaintiff

**OF COUNSEL:**
HARWELL LAW FIRM LLC
109 Foothills Parkway #112
Chelsea, AL 35043
(205) 999-1099

Scott@HarwellLaw.com

**Defendants to be served via Certified Mail:**
Blue Rock Partners LLC
c/o MELLAW REGISTERED AGENTS, LLC
2601 SOUTH BAYSHORE DRIVE, SUITE #850
COCONUT GROVE, FL 33133

Reuven Oded
5650 Breckenridge Park Drive, Suite 302
TAMPA, FL 33610