FILED
 2018 Dec-06  PM 06:14
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LAURA SNYDER, individually and on behalf of similarly situated employees, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No.:  2:17-cv-1289-RDP |
| BLUE ROCK PARTNERS LLC and Reuven Oded, | ) ) ) |
| Defendants. | ) |

## JOINT MOTION FOR STIPULATED JUDGMENT APPROVING FLSA SETTLEMENT AGREEMENT

### A.  INTRODUCTION

This case was originally pled as an action for overtime under the Fair Labor Standards Act ("FLSA").  Plaintiffs were Leasing Assistants whom were employed by Defendant, Blue Rock Partners, LLC ("Blue Rock").  During the relevant period Defendant Reuven Oded ("Oded") is the managing member of Blue Rock. The Plaintiffs have elected to resolve their individual claims against Blue Rock without pursuing claims in this case.  Because Plaintiffs' claims arise under the FLSA, any settlement of their claims must be approved by the Court and such approval must be entered as a stipulated final judgment.  The purpose of this motion is to seek the Court's approval of the settlement of Plaintiffs' claims.  The Plaintiffs and Blue

{02630144.1}

Rock jointly request that the Court approve the Parties' settlement of the above captioned matter.

### B. SETTLEMENT OF FLSA CLAIMS IN THE ELEVENTH CIRCUIT

In the Eleventh Circuit, there are only two ways in which claims under the FLSA may be settled and released by employees.  First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the District Court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement.  *Id.*  In addressing the circumstances justifying court approval of FLSA settlements in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's

{02630144.1}

> overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.  Because the Agreement was not made under the supervision of the Secretary of Labor, "it is valid only if the district court enter[s] a 'stipulated judgment' approving it." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013) (citing *Lynn's Food*, 679 F.2d at 1352-54).  Accordingly, the Parties are submitting copies of the agreements for the Court's review, ratification, and entry of stipulated judgment approving it.

### C. THE PARTIES' SETTLEMENT AGREEMENT IS A FAIR AND REASONABLE RESOLUTION OF A BONA FIDE DISPUTE

Following good faith, arms-length negotiations, the Parties have reached a settlement of all claims between them.  This negotiated settlement resolves a number of *bona fide* disputes of law and fact, including, but not limited to:  (i) whether Plaintiffs worked in excess of forty hours per week for which they were not paid overtime as required by 29 U.S.C. § 201-219; (ii) if Plaintiffs were not properly paid, the number of overtime hours worked by Plaintiffs; (iii) the availability of liquidated damages; and (iv) whether time-and-a-half of an employees' "regular rate" of pay is the proper remedy.  Due to the uncertainties of litigation created by these disputed issues and the benefit to all parties in avoiding the expense and time associated with further litigation, the Parties have agreed to settle this matter without any admissions

{02630144.1}

of liability or definitive resolutions on the above-referenced issues.  An executed copy of Plaintiffs' FLSA Settlement Agreements and Mutual Releases (the "Agreement") are attached hereto as <u>Exhibit A</u> and <u>Exhibit B</u>.

The proposed settlement arises out of an FLSA action which was adversarial in nature. During the litigation and settlement of this action, Plaintiffs were represented by experienced counsel.  Plaintiffs' counsel engaged in discovery with Defendant's counsel to obtain pay records in an effort to resolve the case.  The information learned in this discovery was used by the Parties in negotiating a resolution.

The Parties further agree that the settlement negotiated and reached by them reflect a reasonable compromise of the disputed issues.  Plaintiffs and their counsel discussed their alleged overtime hours, as well as their weekly salary, and they formulated proposed settlement figures that reflected issues including liquidated damages, the applicable statute of limitations, and the proper method for calculating damages.  Blue Rock and its counsel discussed the same issues and independently formulated their own settlement figures.  All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.  The settlement agreements and releases, setting forth the terms of the settlement of Plaintiffs' respective FLSA claims, have been signed by the Plaintiffs and by an authorized representative of Blue Rock, respectively.

{02630144.1}

### D. SUMMARY OF THE SETTLEMENT

As set forth above, during the litigation and negotiations of these claims the Parties vigorously disagreed as to, *inter alia*:

1. Whether Plaintiffs worked in excess of forty hours per week for which they were not paid overtime as required by 29 U.S.C. § 201-219;

2. If Plaintiffs were not properly paid, the number of uncompensated overtime hours they worked;

3. The availability of liquidated damages; and

4. Whether time-and-a-half is the appropriate remedy for unpaid overtime hours.

Moreover, for Plaintiffs to have any chance of recovery apart from this settlement, they would have had to participate in additional discovery, prepare for and attend depositions and, presumably, prepare for and attend a trial on the merits. Given the substantial investment of time and resources Plaintiffs would need to contribute to litigate his claims, and given the serious *bona fide* disputes over the variety of issues set forth above, the Parties' settlement outlined below reflects a reasonable compromise of the issues and a good result for Plaintiffs.

The Settling Parties' settlement of Plaintiff Laura Snyder's ("Snyder") FLSA claims provides for payment of $2,940.00 wages, $2,940.00 (liquidated damages) and $4,120.00 attorney's fees and expenses. Snyder will be compensated $250.00 to execute the "Settlement Agreement and Mutual General Release" within the

{02630144.1}

liquidated damages payment. This is a settlement and release for all asserted claims and the agreed-upon number reflects a reasoned compromise between Snyder's best possible outcome and the possibility that she would not prevail. Prior to the settlement, Snyder was made aware by counsel of the potential risks of proceeding to trial, provided authorization to her counsel to settle her claims for the amounts she is receiving pursuant to the settlement and is requesting the Court to approve her compromised claim. *Id.*

The Settling Parties' settlement of Plaintiff Ashley (Hall) Rich's ("Rich") FLSA claims provides for payment of $500.00 wages, $500.00 (liquidated damages) and $2,500 in attorney's fees and expenses. Rich will be compensated $250.00 to execute the "Settlement Agreement and Mutual General Release" within the liquidated damages payment. This is a settlement and release for all asserted claims and the agreed-upon number reflects a reasoned compromise between Rich's best possible outcome and the possibility that she would not prevail. Prior to the settlement, Rich was made aware by counsel of the potential risks of proceeding to trial, provided authorization to her counsel to settle her claims for the amounts she is receiving pursuant to the settlement and is requesting the Court to approve her compromised claim. *Id.*

E.   **Approval of Payment of Attorney's Fees From FLSA Settlement**

{02630144.1}

Pursuant to the settlement, Plaintiffs' counsel will receive legal fees and expenses on Snyder's claim in the amount of $4,120.00 which represents 40% of the net recovery for Snyder after deducting ½ of the filing fee ($10,000 - $200 = $9,800 x 40% + 200 = $4,120). The 40% of based on a contingency fee agreement that Snyder entered in to with counsel and Plaintiffs' counsel prosecuted these claims on a contingency basis. Plaintiff Rich will receive more in compensation she would recover if this case proceeded to trial and Rich agreed that she would receive a total of $1,000 and this leaves $2,500 for counsel's fees and expenses in Rich's case. In an effort to resolve this matter, Counsel agreed to compromise his fees based on the amount of time expended on Rich's case as well as Snyder's case.

The FLSA requires that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Fee awards are therefore mandatory for prevailing plaintiffs in FLSA cases. *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). The Supreme Court has held that a party is a "prevailing party" for purposes of an attorneys' fee award if the party "succeeded on any significant claim affording it some of the relief sought." *Texas State Teachers' Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989). In the instant action, Plaintiffs stand to recover settlement payment net of fees and costs that exceeds the amount Plaintiffs could recover if Blue Rock succeeded on its

defenses to liability, or if Blue Rock succeeded on all (or combinations of) its damages arguments regarding the "good faith" defense to liquidated damages, rejection of some or all overtime hours claimed as worked, calculation of any overtime liability utilizing the "half-time" calculation method and/or its defense of Plaintiffs' allegation of a willful violation of the FLSA.  Thus, Plaintiffs' counsel is entitled to payment of his attorney's fees and costs in this action by Blue Rock in the amount stated in the Agreement.

This case was settled as an individual action, prior to any motion for conditional certification of a collective action under the FLSA, and the Agreement specifically provides for a settlement payment amount to Plaintiffs allocated equally to claims for alleged (and disputed by Blue Rock) unpaid overtime and liquidated damages, and a separate payment to Plaintiffs' counsel for attorney's fees incurred in this action.  Therefore, as a district court within this Circuit recognized in *Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005), the Court is not required to determine the amount of the fee award, or to assess the reasonableness of the amount agreed upon by the Parties:

> The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer.  *See Lynn's Food Stores*, 679 F.2d at 1354. In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys' fees, the Court has greater flexibility in

{02630144.1}

exercising its discretion in determining the reasonableness of the attorneys' fee.

In addition, because the Parties agreed to the amount of fees and costs to be paid to Plaintiffs' counsel by the Agreement, the Court need not conduct an evidentiary inquiry into the reasonableness of the hourly rate charged by Plaintiffs' counsel or the amount of the total fees incurred.  *See Dail,* 391 F. Supp. 2d at 1147 (holding that because defendant joined in the motion for approval of the settlement amounts, "[t]he Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiffs' counsel, and accepts the Parties' stipulation as to the reasonableness of the attorneys' fees and costs.").

Finally, courts regularly approve FLSA settlement agreements providing for attorney's fees in the amount of one-third of the settlement amount, including where the one-third contingency fee represents a substantial reduction from the lodestar amount of actual fees incurred by Plaintiffs' counsel.  *See, e.g., Allen v. SunTrust Banks*, No. 1:06-cv-03075-RWS [Doc. No. 163] (N.D. Ga. May 28, 2009) (approving attorney's fees from FLSA settlement at one-third of the total settlement amount, which counsel confirmed were "significantly below the actual lodestar billings (less than 50 percent)").

If, however, the Court requires a fee petition or other submission for the purposes of conducting a lodestar cross-check on the attorney's fees and costs to be paid to Plaintiffs' counsel in this settlement, Plaintiffs' counsel respectfully requests

{02630144.1}

the opportunity to supplement this joint motion with the required submittal for the Court's *in camera* review.

## CONCLUSION

For the foregoing reasons, the Parties jointly and respectfully request that the Court enter stipulated judgment approving their settlement agreement, and, upon approval of the settlement, order dismissal of Plaintiffs' claims with prejudice.

/s/ Scott Harwell
Scott Harwell (HAR198)
Attorney for Plaintiffs

**OF COUNSEL:**
Harwell Law Firm LLC
109 Foothills Parkway #112
Chelsea, AL  35043
(205) 999-1099
scott@harwelllaw.com

/s/T. Kelly May
T. Kelly May (asb-6090-y57t)
Attorney for Defendants

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL  35223-2484
TEL:  (205) 251-1193
FAX: (205) 251-1256
kmay@huielaw.com

{02630144.1}