# Exhibit A


EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

Blue Rock Partners, LLC ("Blue Rock") and Laura Snyder ("Snyder"), Snyder's heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), agree that:

1. **Last Day of Employment**. Employee's last day of employment with Blue Rock was on or about October 31, 2015.

2. **Consideration**. In consideration for signing this Agreement, and complying with its terms, Blue Rock agrees:

   a. to pay to Employee Two thousand nine hundred forty and no/100 dollars ($2,940.00) as wage income, less lawful deductions, within seven (7) days after the later of: (1) Blue Rock's counsel's receipt of a signed copy of this Agreement; (2) the United States District Court for the Northern District of Alabama's approval of this Agreement in Case No. 2:17-cv-01289-RDP.

   b. to pay to Employee Two thousand nine hundred forty and no/100 ($2,940.00 as non-wage income, (to be reported by Employee as 1099 income) within seven (7) days after the later of: (1) Blue Rock's counsel's receipt of a signed copy of this Agreement; and (2) the United States District Court for the Northern District of Alabama's approval of this Agreement in Case No. 2:17-cv-01289-RDP. This includes compensation of two hundred fifty and no/100 dollars ($250.00) for executing the general release herein.

   c. to pay to Scott Harwell, the gross amount of Four thousand one hundred twenty and no/100 dollars ($4,120.00) for attorneys' fees and costs in prosecuting the claims of Employee within seven (7) days after the later of: (1) Blue Rock's counsel's receipt of a signed copy of this Agreement; and (2) the United States District Court for the Northern District of Alabama's approval of this Agreement in Case No. 2:17-cv-01289-RDP. This amount shall be reported as non-wage income to be reported by Scott Harwell as 1099 income.

3. **No Consideration Absent Execution of this Agreement**. Employee understands and agrees that Employee would not receive the monies and/or benefits specified in paragraph "2" above, except for Employee's execution of this Agreement and the fulfillment of the promises contained herein, and for Employee's Agreement to Dismiss with prejudice Employee's claims in Case No. 2:17-cv-01289-RDP pending in the United States District Court of the Northern District of Alabama. Employee will, pursuant to this Agreement, obtain the dismissal of all claims she has raised against the Releasees (as defined below) upon Court approval of settlement as required by the Fair Labor Standards Act ("FLSA").

4. **Release, Claims Not Released and Related Provisions.**

{02630485.1}

      a.    **General and Mutual Release of All Claims**. Employee knowingly and voluntarily releases and forever discharges Blue Rock, its parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which the Employee has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Age Discrimination in Employment Act of 1967 ("ADEA");
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- The Genetic Information Nondiscrimination Act of 2008;
- The Fair Labor Standards Act ("FLSA");
- Alabama "Guns in the Parking Lot Act," Ala. Act 2013-283;
- Alabama workers' compensation and/or retaliatory discharge s statutes, Ala. Code § 25-5-11.1 et seq.
- The Alabama Age Discrimination in Employment Act;
- The Alabama Affirmative Action Program for Minorities;
- The Alabama Wage Payment and Work Hour Laws;
- any other federal, state or local law, rule, regulation, or ordinance;
- any public policy, contract, tort, or common law; or
any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

      b.    **Claims Not Released**. Employee is not waiving any rights she may have to: (a) her own vested accrued employee benefits under Blue Rock's health, welfare, or retirement benefit plans as of the Employee's separation date; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Agreement; (d) enforce this Agreement; and/or (e) challenge the validity of this Agreement.

      c.    **Non-Interference**. Nothing in this Agreement prohibits or prevents Employee from confidentially or otherwise communicating or filing a charge or complaint with or participating, testifying, or assisting in any investigation, hearing, or giving truthful testimony or statements to, or participating in any proceeding before any federal, state, or local government or

regulatory entity, or from responding if properly subpoenaed or otherwise required to do so under applicable law.

        d.    **Attorney's Fees.** Employee agrees to release, waive and forever discharge any and all claims against the Releasees for attorney's fees and costs pursuant to the Fair Labor Standards Act, and/or any other federal, state or local statute or ordinance.

        e.    **Collective/Class Action Waiver.** If any claim is not subject to release, to the extent permitted by law, Employee waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Blue Rock, or any other Releasee identified in this Agreement as a party.

        f.    **Mutual Release.** Releasees knowingly and voluntarily release and forever discharge Employee and agents thereof, of and from any and all claims, known and unknown, asserted or unasserted, which the Releasees have or may have against Employee and agents thereof, as of the date of execution of this Agreement and General Release.

5.    **Acknowledgments and Affirmations.**

Employee affirms that Employee has not filed, caused to be filed, and is not presently a party to any claim against Blue Rock, other than those asserted in Case No. 2:17-cv-01289-RDP pending in the United States District Court, Northern District of Alabama.

Blue Rock affirms that it has not filed, caused to be filed, and is not presently a party to any claim or counterclaim against Employee.

Employee also affirms that the Consideration described in Paragraph 2 above compensates her for all hours she worked for Releasees through the date of this Agreement. Employee affirms that Employee has been granted any leave to which Employee was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

Employee further affirms that Employee has no known workplace injuries or occupational diseases.

Employee further affirms that Employee has not been retaliated against for reporting any allegations of wrongdoing by Blue Rock or its officers, including any allegations of corporate fraud.

6.    **No Right to Employment or Services Relationship.** Employee acknowledges and agrees that she has no present or future right to employment with any of the Releasees, and will not apply or seek consideration for any employment, engagement, or contract with any of them. Employee understands that should she violate this Paragraph, the Releasees have no obligation to interview, employ, engage or hire her and that any of the Releasees refusal to do so is not grounds for a legal claim or lawsuit.

7. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the state of Alabama without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

10. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this Agreement, except for those set forth in this Agreement.

11. **Counterparts and Facsimiles.** This Agreement may be executed in counterparts, each of which shall be deemed to be an original executed Agreement and which shall together shall be deemed to be one and the same instrument. A facsimile or copy of a signature shall be treated as an original signature for all purposes.

**YOU ARE ADVISED THAT YOU HAVE A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT. YOU ALSO ARE ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO YOUR SIGNING OF THIS AGREEMENT. YOU FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS YOU HAVE OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

By: *Laura Snyder* (signature)
Laura Snyder
Date: 11/26/18

Blue Rock Partners, LLC
By: (signature) EVP
Company Representative
Date: 11/13/18

{02630485.1}